# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAIDEEP S. CHAWLA,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE; REAL PROPERTY LOCATED IN WASHINGTON, DISTRICT OF COLUMBIA; REAL PROPERTY LOCATED IN BROOKLINE, COUNTY OF NORFOLK, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY LOCATED IN NORTH ANDOVER, COUNTY OF ESSEX, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY LOCATED IN WESTON, COUNTY OF MIDDLESEX, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY LOCATED IN NEWTON CENTRE, COUNTY OF MIDDLESEX, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY LOCATED IN CHARLESTOWN, COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY 1 LOCATED IN BOSTON, COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY 2 LOCATED IN BOSTON, COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS; REAL PROPERTY 3 LOCATED IN BOSTON, COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS; ONE AUTOMOBILE WITH A CERTAIN MASSACHUSETTS LICENSE PLATE; REAL PROPERTY IN MANCHESTER, COUNTY OF ESSEX, COMMONWEALTH OF MASSACHUSETTS; MASSMAIL EMAIL SYSTEM OF THE COMMONWEALTH OF MASSACHUSETTS; ONE OR MORE EQUITABLE SHARING | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 19-CV-11283-NT |

PROGRAM BANK ACCOUNTS; ONE OR )
MORE BANK ACCOUNTS OF THE OBAMA )
FOUNDATION; ONE OR MORE BANK )
ACCOUNTS OF THE TRUSTEES OF BOSTON )
COLLEGE; A TOYOTA TACOMA WITH A )
MASSACHUSETTS LICENSE PLATE; MAURA )
HEALEY, individual and in her official capacity as )
Attorney General of the Commonwealth of )
Massachusetts; ERIC NEYMAN, individually and )
in his official capacity as Justice of the )
Massachusetts Appeals Court; C. JEFFREY )
KINDER, individually and in his official capacity )
as Justice of the Massachusetts Appeals Court; )
GEORGE O'TOOLE, JR., individually and in his )
Official capacity as Chief Judge of the United )
States District Court for the District of )
Massachusetts; PATTI SARIS, individually and in )
her official capacity as Chief Judge of the United )
States District Court for the District of )
Massachusetts; LEO SOROKIN, individually and )
in his official capacity as Judge of the United )
States District Court for the District of )
Massachusetts; ROBERT FARRELL, individually )
and in his official capacity as Clerk of the United )
States District Court for the District of )
Massachusetts; DEBRA SQUIRES-LEE, )
individually and in her official capacity as Justice )
of the Superior Court of the Commonwealth; )
LINDA GILES, individually and in her official )
capacity as Justice of the Superior Court of the )
Commonwealth; AMY CRAFTS, PIERCE CRAY, )
GILLIAN FEINER, DEAN MAZZONE, )
HOWARD MESHNICK, THOMAS MURPHY, )
JAMES SWEENEY, LORRAINE TARROW, )
JEFFREY WALIZER, individually and in their )
respective official capacities as Assistant Attorneys )
General of the Commonwealth; MARIS ABBENE, )
TYLER ARCHER, DAVID BARRON, JUDD )
CARHART, R. MICHAEL CASSIDY; MARTHA )
COAKLEY, KEVIN CURTIN, JOHN DAWLEY, )
BRIANDURI(IN, THOMAS DURKIN, )
MICHAEL FATALE, JOSEPH HERLIHY, )
SARAH HERLIHY, GARY KATZMANN, )
ELISABETH KELLER, THOMAS LAMPERT, )
DAVID LOWY, LORETTA LYNCH, DAVID )
MACKEY, THOMAS MAFFEI, JUSTIN )

MALONEY, BARACK OBAMA, GEORGE )
O'TOOLE, JR., CARMEN ORTIZ, VINCENT )
ROUGEAU, DONALD SAVERY, DAVID )
SIMAS, ROBERT ULLMANN, JOHN VERNER, )
GABRIELLE WOLOHOJIAN, individually; )
CHRISTOPHER HARDING, in his official )
Capacity as Commissioner of the Massachusetts )
Department of Revenue; UNITED STATES; U.S. )
DEPARTMENT OF JUSTICE; UNITED STATES)
DISTRICT COURT FOR THE DISTRICT OF )
MASSACHUSETTS; COMMONWEALTH OF )
MASSACHUSETTS; SUPREME JUDICIAL )
COURT OF THE COMMONWEALTH; )
MASSACHUSETTS APPEALS COURT; )
SUFFOLK SUPERIOR COURT; STATE OF )
COLORADO; AMERICAN BAR ASSOCIATION;)
LAW SCHOOL ADMISSIONS COUNCIL; )
TRUSTEES OF BOSTON COLLEGE; CORNELL )
UNIVERSITY; and WILMER CUTLER )
PICKERING HALE AND DORR, LLP, )
)
             Defendants. )
)

## ORDER DISMISSING CASE

This case was originally filed in the District of New Hampshire by the Relator/Plaintiff Jaideep S. Chawla on January 3, 2019. On July 19, 2019, the United States filed a Notice of Election to Decline Intervention in this action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4). (ECF No. 36).

On July 23, 2019, the Court issued an Order directing, *inter alia*, that the Complaint be unsealed and served on the Defendants. The deadline for service was October 21, 2019. (ECF No. 37). On October 10, 2019, the Plaintiff filed a Motion for Extension stating that he had not served any of the more than seventy Defendants and requesting that he be permitted until January 7, 2020, to serve the Defendants with the Complaint. (ECF No. 41). The Court granted the motion in part, permitting the Plaintiff until November 20, 2019, to serve the Defendants.

On November 15, 2019, the Plaintiff filed another Motion for Extension requesting that he be permitted until December 13, 2019, to serve the Defendants with the Complaint. (ECF No. 47). The Court granted the Motion for Extension, allowing the Plaintiff until January 7, 2020, to complete service. The Order stated: "No further extensions will be allowed." (ECF No. 49).

More than one week has passed since the deadline to serve the Defendants has expired. As of today, there is no evidence that any of the more than seventy Defendants have been served. The First Circuit has upheld dismissals for want of prosecution in cases where there has been "extremely protracted inaction [ ], disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987). The First Circuit has defined "other aggravating circumstances" to include "glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time." *Enlace Mercantil Internacional v. Senior Indus.*, 848 F.2d 315, 317 (1st Cir. 1988) (footnotes omitted).

Given the Plaintiff's noncompliance with Court Orders and other aggravating circumstances, the case is **DISMISSED** with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .").

**SO ORDERED.**

/s/ Nancy Torresen
United States District Judge

Dated this 17th day of January, 2020.