UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIDEEP S. CHAWLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 19-cv-11283-NT |
| | ) |
| INTERNAL REVENUE SERVICE, et al. | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER ON PLAINTIFF'S MOTION TO ALTER

# OR AMEND JUDGMENT

Now before me is the Plaintiff-Relator's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the final judgment of this Court dismissing this action for failure to prosecute. The Plaintiff-Relator asserts that in dismissing this case, I violated a provision of the False Claims Act ("**FCA**") that requires the government to consent, in writing, to dismissal of those claims.[1] 31 U.S.C. § 3730(b)(1).[2]

---

[1] Plaintiff-Relator filed a Complaint with 154 counts. Complaint (ECF No. 1). Thirteen counts assert Reverse False Claims Act claims (Counts 56 through 68). *Id.*

[2] The Plaintiff-Relator also claims that all of the judicial appointees of former President Barack Obama, whom he alleges was not born in the United States and thus was not eligible to be President, are not validly appointed federal judges—including me, making my judgment in this case void. This argument is frivolous. *See, e.g., Rhodes v. MacDonald*, No. 4:09-CV-106, 2009 WL 2997605 (M.D. Ga. Sept. 16, 2009) (dismissing plaintiff's complaint based on "birther" allegations as frivolous); *Sawyer v. Roberts*, No. A-16-CV-448-SS, 2016 WL 1717236 at *2 (W.D. Tex. Apr. 28, 2016) (finding plaintiff's claims that President Obama was born in Kenya and thus not qualified to appoint Supreme Court justices to be frivolous).

## DISCUSSION

The First Circuit has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Ocasio-Hernandez v. Fortuño-Burset*, 777 F.3d 1, 9 (1st Cir. 2015) (citing *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). A court's "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 27 (1st Cir. 2014) (citing *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006)). Courts considering relief under Rule 59(e) must balance the need for finality with the need for justice. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). The Plaintiff-Relator has not met the standard that Rule 59(e) requires.

The Plaintiff-Relator cites no case law in support of his argument that it was error for me to dismiss his case without first getting consent from the Attorney General. Section 3730(b)(1) states that a false claims action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). Numerous courts have held that the consent requirement applies to relators' motions for voluntary dismissal but not, for example, to a court's sua sponte dismissal where a relator has disobeyed a court order or where the court lacks jurisdiction. The First Circuit has not directly addressed this issue but has suggested that the

Plaintiff-Relator's broader application of section 3730(b)(1) is "dubious". *See United States ex rel. S. Prawer & Co. v. Fleet Bank*, 24 F.3d 320, 322 n. 2 (1st Cir. 1994).

Courts that have considered the application of section 3730(b)(1) have rejected the Plaintiff-Relator's argument that the section applies when a court acts sua sponte to dismiss an action. In *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990), the Second Circuit held that section 3730(b)(1) "applies only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal." The court added that:

> Once the United States formally has declined to intervene in an action (as it has in this case) . . . little rationale remains for requiring consent of the Attorney General before an action may be dismissed. Rather, the Attorney General's refusal "to enter the suit may be taken as tantamount to the consent of the [ ] Attorney [General] to dismiss the suit."

*Id.* at 104 (citing *United States ex rel. Laughlin v. Eicher*, 56 F. Supp. 972, 973 (D.D.C. 1944)). Underlining its point, the Second Circuit noted that: "If the consent provision were intended to apply even to court-ordered dismissals, its language requiring permission of the court, as well as of the Attorney General, before dismissal of a private action would make little sense." *Id.* at 104 n. 1; *see also, e.g., Chailla v. Navient Dep't. of Educ.*, 791 F. App'x 226, 228 (2d Cir. 2019), cert. denied, 2020 WL 1325973 (U.S. Mar. 23, 2020) (court affirmed the district court's sua sponte dismissal of the qui tam action, without the consent of the

government, after the relator failed to obtain counsel); *United States v. Astrazeneca LP*, No. 10-cv-480-SM, 2012 WL 6212840 *1-2) (D.N.H. Dec. 11, 2012) (section 3730(b)(1) "has been generally construed to apply when a plaintiff seeks to voluntarily dismiss or settle his or her claims (and not, for example, when a motion to dismiss for failure to state a claim is granted)"); *United States ex rel. Jones v. Westwind Grp., Inc.*, 417 F. Supp. 2d 1246, 1248 (N.D. Ala. 2006) (court held that consent of Attorney General was not required before it could dismiss qui tam action under the FCA for want of prosecution after United States declined to intervene).

The Plaintiff-Relator has not shown that there was a manifest error of law or any other basis permitting relief under Rule 59(e) to set aside the judgment. Moreover, the government has indicated that, if I had sought its consent to dismiss the FCA claims, it would have consented.

## CONCLUSION

The Plaintiff-Relator's Motion to Alter or Amend Judgment is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 20th day of April, 2020.

4